UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT A. CANOLES, Derivatively on Behalf of Nominal Defendant RESOURCE CAPITAL CORP.,<br><br>              Plaintiff,<br><br>   v.<br><br>STEVEN J. KESSLER, WALTER T. BEACH, WILLIAM B. HART, GARY ICKOWICZ, MURRAY S. LEVIN, P. SHERRILL NEFF, RICHARD L. FORE, STEPHANIE H. WIGGINS, DAVID J. BRYANT,<br><br>              Defendants,<br><br>and<br><br>RESOURCE CAPITAL CORP.,<br><br>           Nominal Defendant. | Case No.<br><br>**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR VIOLATION OF SECTION 14(a) OF THE SECURITIES EXCHANGE ACT OF 1934** |

Plaintiff Robert A. Canoles ("Plaintiff"), by and through his undersigned attorneys, brings this shareholder derivative action for the benefit of nominal defendant, Resource Capital Corp. ("Resource Capital" or the "Company"), against certain current and former officers and members of the Company's board of directors (the "Board") seeking to remedy defendants' violations of §14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiff makes these allegations upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes without limitation: (a) review and analysis of public filings made by Resource Capital and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press

releases and other publications disseminated by certain of the defendants (as defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on Resource Capital's website concerning the Company's public statements; (d) review of the pleadings and other documents in the securities class action lawsuit entitled *Levin v. Resource Capital Corp., et al.*, No. 1:15-cv-07081-LLS (S.D.N.Y.) (the "Securities Class Action"); and (e) review of other publicly available information concerning Resource Capital and the defendants.

## NATURE OF THE ACTION

1.      This is a shareholder derivative action on behalf of nominal defendant Resource Capital seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under § 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder against the Board as a result of defendants causing the Company to issue materially misleading statements and/or omitting material information concerning risky and dangerous loans in the Company's portfolio from October 31, 2012 until the present (the "Relevant Period").[1]

2.      Resource Capital is a diversified real estate investment trust ("REIT") that primarily focuses on originating, holding, and managing commercial mortgage loans and other commercial real estate-related debt and equity investments.  The Company invests in commercial real estate-related assets, such as mezzanine loans, which the Company describes as loans that are senior to the borrower's equity in, and subordinate to a first mortgage on, a property.  Mezzanine loans are secured by pledges of ownership interest in entities that directly own the real property.

3.      In 2007, Resource Capital acquired an ownership interest in a mezzanine loan secured by approximately thirteen (13) luxury hotels (the "Mezzanine Loan") owned by The

---

[1] The false and misleading statements were issued in the Company's public filings from approximately October 31, 2012 to August 5, 2015; however, the wrongs complained of herein continue through to the present as Resource Capital's internal controls remain deficient.

Blackstone Group ("Blackstone"). Three of the hotels that were serving as collateral for the Mezzanine Loan were located in Puerto Rico.

4.      Since approximately 2006, Puerto Rico's economy has been in a worsening recession, including a substantial debt crisis, which led to Puerto Rico's debt being downgraded to junk status. Consequently, returns on Puerto Rico's debt began to plummet.

5.      By the end of the Relevant Period, the three hotels in Puerto Rico were the only assets left serving as collateral on the Mezzanine Loan while Puerto Rico's economy continued to decline. However, the Company failed to disclose that the three Puerto Rico hotels were the only collateral left on the Mezzanine Loan. This material information was not disclosed to Resource Capital shareholders in the Company's proxy statements from 2013-2015. The 2013-2015 proxy statements referenced the Company's earlier quarterly and annual reports that also failed to disclose material information to Resource Capital's shareholders concerning the risks of the Mezzanine Loan since the Puerto Rico hotels were the only collateral left on the Mezzanine Loan.

6.      On August 4, 2015, the truth concerning the Mezzanine Loan was revealed when the Company issued a press release announcing its financial results for the three and six months ended June 30, 2015. In the August 4, 2015 press release, Resource Capital reported a GAAP net loss of $31.0 million during the quarter, a consequence of Resource Capital recognizing a loss on the Mezzanine Loan position located in Puerto Rico of $41.1 million. This was the first time the Company disclosed that "[t]he last three luxury brand hotel properties securing the loan are located in or near San Juan, Puerto Rico, and recent economic and credit disruptions in Puerto Rico resulted in events that caused the Company to determine that the loan should be fully reserved."

7.      On this news, Resource Capital's common stock closed at $3.05 on August 5, 2015, down from a close of $3.48 on August 4, 2015, a loss of approximately 12% on extremely heavy

trading.   After the announcement, the Company lost approximately $54.6 million in market capitalization.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the claims asserted herein under 28 U.S.C. §1331 because the claims arise under and pursuant to §14(a) of the Exchange Act (15 U.S.C. §78n(a)) and Rule 14a-9 promulgated there under (17 C.F.R. §240.14a-9).

9.     Venue is proper in this Court because a substantial portion of the transactions and wrongs complained of herein occurred in this District, and defendants have received substantial compensation within this District by doing business here and engaging in numerous activities that had an effect in this jurisdiction.   Also, the Company's principal executive offices are located at 712 Fifth Avenue, 12th Floor, New York, NY 10019.

## THE PARTIES

10.     Plaintiff is and has since September 25, 2012 been a shareholder of the Company and has been damaged as a result of the wrongdoing committed by defendants.

11.     Nominal defendant Resource Capital is a Maryland corporation with its principal executive offices located at 712 Fifth Avenue, 12th Floor, New York, NY 10019.

12.     Defendant Steven J. Kessler ("Kessler") has been the Chairman of the Board since November 2009.  For the years 2013-2015, defendant Kessler was a member of the Investment Committee.  Defendant Kessler oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.

13.     Defendant Walter T. Beach ("Beach") has been a director of the Company since March 2005.  For the years 2013-2015, defendant Beach was the Chairman of the Compensation

Committee and a member of the Audit Committee, Nominating and Governance Committee and Investment Committee. Defendant Beach oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.

14.     Defendant William B. Hart ("Hart") has been a director of the Company since March 2005. For the years 2013-2015, defendant Hart was a member of the Audit Committee and Nominating and Governance Committee. Defendant Hart oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.

15.     Defendant Gary Ickowicz ("Ickowicz") has been a director of the Company since February 2007. For the years 2013-2015, defendant Ickowicz was a member of the Investment Committee. Defendant Ickowicz oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.

16.     Defendant Murray S. Levin ("Levin") has been a director of the Company since March 2005. For the years 2013-2015, defendant Levin was the Chairman of the Nominating and Governance Committee and a member of the Compensation Committee. Defendant Levin oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.

17.     Defendant P. Sherrill Neff ("Neff") has been a director of the Company since March 2005. For the years 2013-2015, defendant Neff was the Chairman of the Audit Committee and a member of the Compensation Committee. Defendant Neff oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in

the 2013-2015 proxy statements.

18.     Defendant Richard L. Fore ("Fore") has been a director of the Company since March 2013.  For the years 2013-2015, defendant Fore was a member of the Investment Committee.  Defendant Fore oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.

19.     Defendant Stephanie H. Wiggins ("Wiggins") has been a director of the Company since June 2013.  For the years 2014 and 2015, defendant Wiggins was a member of the Audit Committee.  Defendant Wiggins oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.

20.     Defendants Kessler, Beach, Hart, Ickowicz, Levin, Neff, Fore and Wiggins are collectively referred to herein as the "Director Defendants."

21.     Defendant David J. Bryant ("Bryant") has been the Chief Financial Officer ("CFO"), Senior Vice President and Treasurer of Resource Capital since 2006 and was the Company's Chief Accounting Officer from 2006 to 2014.  Defendant Bryant oversaw and signed or authorized the signing of the materially misleading financial statements described herein and referenced in the 2013-2015 proxy statements.  For the years ended December 31, 2015, 2014 and 2013, defendant Bryant received $674,998, $639,996 and $624,990 in total compensation[2], respectively.

22.     The Director Defendants and defendant Bryant are collectively referred to herein as the "defendants."

_____

[2] Includes salary, bonus, stock awards and all other compensation.